UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLANA JOHNSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> THE ELEVANCE HEALTH COMPANIES, INC., <br><br> DEFENDANT | § § § § § § § § § § § § § § § | CA NO. 3:25-cv-184 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nolana Johnson ("Johnson" or "Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Johnson and Class Members are collectively referred to as "Plaintiffs"), brings this Fair Labor Standards Act ("FLSA") suit against The Elevance Health Companies, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Plaintiff brings this action on behalf of herself and all similarly situated individuals for violations

of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

3. The putative class is made up of all persons who are or have been employed by Defendant in Texas as LTSS field service coordinators ("field service coordinators") or other similar positions who were paid hourly and treated as non-exempt from overtime laws and whose primary job was to assist in the pediatric assessment process during the applicable statutory period.

4. Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not allowed to record more than 40 hours per week on their electronic time sheets.

5. As a result of Defendant's willful and illegal pay practices, Plaintiff and those similarly situated were deprived of overtime compensation for their hours worked in violation of federal law.

## II. PARTIES

6. Plaintiff Nolana Johnson is an individual residing in this judicial district. Her notice of consent is attached to Plaintiff's Original Complaint as Exhibit A.

7. Plaintiffs are Elevance's current and former field service coordinators.

8. Elevance was an employer of Johnson and those similarly situated as defined by 29 U.S.C. §203(d).

9. Elevance is an Indiana Corporation and can be served with process by serving CT Corporation Systems at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

10. At all times hereinafter mentioned, Elevance exercised managerial responsibilities and substantial control over its employees, including Johnson and the putative class, and also exercised control over the terms and conditions of their employment.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Johnson asserts claims arising under federal law. Specifically, Johnson asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

12. The Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district and has entered into relationships with Plaintiffs in this judicial district and has committed actions in this judicial district that give rise to this cause of action.

13. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in Dallas County, Texas.  Since Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

14. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Johnson and the Class Members.

15. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and has an annual gross volume of sales made or business done of not less than

$500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all relevant times, Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

19. The Elevance Health Companies, Inc., formerly known as The Anthem Companies, employed Plaintiff Nolana Johnson as a field service coordinator beginning in March 2022.

20. As a field service coordinator, Johnson performed the majority of her work in Dallas County, Texas. In addition to employing Registered Nurses such as Johnson, Elevance also employed a number of different individuals as field service coordinators, including, but not limited to, Licensed Vocational Nurses, Licensed Practical Nurses, and social workers.

21. As a field service coordinator, Johnson's primary duty was to conduct in-home assessments of children receiving Medicaid to determine their medical needs.  After she had conducted such assessments, Johnson would document her findings for the State of Texas and then coordinate with other departments, the State of Texas, and other field service coordinators to develop a care plan for these pediatric patients.

22. Johnson, as with all of Defendant's field service coordinators, was paid on an hourly basis.

23. Johnson and other field service coordinators were instructed to record their work hours electronically, in an application called "Workday."  In Workday, field service coordinators would record all hours worked up to 8 hours per day.  Coordinators were instructed not to record any time worked more than 8 hours per day and/or 40 hours per week.  As such, Johnson and the other team

members, in order to finish all of their assigned tasks in a timely manner, worked significant amounts of time off the clock.

24. Johnson complained on a number of occasions about Defendant's policy of capping hours worked at 40 hours per week. Defendant's management initially responded that Johnson and others were simply not managing their time correctly. Shortly after one of Johnson's multiple complaints, Johnson's supervisor issued Johnson a write-up based on an entirely fictional violation of work rules. Afterward, Johnson was placed on administrative leave and then subsequently terminated. In her termination letter, Defendants claimed that it had conducted an "investigation" into Johnson's allegations of unpaid overtime and determined that Johnson was entitled to a grand total of 25 overtime hours, which Defendant deposited directly into Johnson's bank account.

25. Because there are other putative plaintiffs who are similarly situated to Johnson with regard to the work performed and the Defendant's compensation policies, Johnson brings this action under 29 U.S.C. § 216(b) in order to provide notice about this lawsuit to all others similarly situated and to provide to those similarly situated an opportunity to join this lawsuit.

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Johnson and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

27. Johnson and the Class Members have performed—and are performing—the same or similar job duties as one another in that they would all either complete or assist in the completion of an assessment of the minor patient and create, monitor, evaluate and/or revise the minor patient's care plan. Further, Johnson and the Class Members were subjected to the same pay provisions in that they were prohibited from recording any hours worked over forty per workweek. Thus, the Class

Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

28. Defendant had a policy or practice of not paying its field service coordinators overtime pay by artificially restricting the number of hours they could report on their timesheets.

29. This policy or practice is and has been, at all relevant times, applicable to Johnson and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay for any hours worked over forty per workweek to Johnson also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former field service coordinators working for Defendant in Texas for the last three years who worked more than forty hours per work week in any week and who were not paid time and one half their regular hourly rate for such hours.**

## VII.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to Johnson or Class Members

## VIII.  PRAYER FOR RELIEF

Johnson and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Johnson (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Johnson (and those who may join the suit);

    b.    For an Order awarding Johnson (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Johnson (and those who may join in the suit) attorneys' fees;

    d.    For an Order awarding Johnson (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Johnson declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    f.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully submitted,

        WELMAKER LAW, PLLC


        */s/ Douglas B. Welmaker*
        Douglas B. Welmaker
        Attorney-in-Charge
        State Bar No. 00788641
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        (512) 799-2048
        Email: doug@welmakerlaw.com


        **ATTORNEY FOR PLAINTIFF**