UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOLANA JOHNSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC.<br><br>    Defendant. | §§§§§§§§§§§§§§ CIVIL ACTION NO. 3:25-cv-00184-E |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Defendant The Elevance Health Companies, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiff's Original Complaint (the "Complaint"). In support thereof, Defendant states as follows:

1. Paragraph 1 of the Complaint contains a statement of law, which requires neither admission nor denial by Defendant. To the extent, however, said sentence alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

2. Paragraph 2 of the Complaint contains a statement regarding the nature of Plaintiff's claim, which requires neither admission nor denial by Defendant. To the extent, however, said sentence alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Upon information and belief, Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

8. Paragraph 8 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

11. As to Paragraph 11 of the Complaint, Defendant admits that this Court has jurisdiction over this lawsuit but denies any allegations or inferences of liability and denies Plaintiff is entitled to any relief whatsoever.

12. As to Paragraph 12 of the Complaint, Defendant admits that this Court has personal jurisdiction over Defendant but denies any allegations or inferences of liability and denies Plaintiff is entitled to any relief whatsoever.

13. As to Paragraph 13 of the Complaint, Defendant admits that venue is proper in this Court but denies any allegations or inferences of liability and denies Plaintiff is entitled to any relief whatsoever.

14. Paragraph 14 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

15. Paragraph 15 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

16. Paragraph 16 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

17. Paragraph 17 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. Nevertheless, Defendant admits that it is engaged in commerce and has an annual revenue in excess of $500,000. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

18. Paragraph 18 of the Complaint consists of a legal conclusion, which requires neither admission nor denial by Defendant. To the extent, however, such allegations imply that Defendant is liable to Plaintiff in any way, said allegations are denied.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint to the extent that Plaintiff was hired in March 2022 and her title was commonly referred to as Field Service Coordinator. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that allegation contained in Paragraph 20 of the Complaint to the extent that Plaintiff performed work in Dallas County, Texas and Defendant employed Licensed

Vocational Nurses, Licensed Practical Nurses, and social workers. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 20. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that allegation contained in Paragraph 22 of the Complaint to the extent that Plaintiff was paid on an hourly basis. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 22. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

23. Defendant admits that allegation contained in Paragraph 23 of the Complaint to the extent that Defendant utilized the application "Workday" for employees to record their time. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 23. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains a statement of the nature of Plaintiff's claim that does not require an admission or denial. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiff in any way, said allegations and/or implications are denied. Defendant further denies that notice of this action should be sent to potential plaintiffs and/or that Plaintiff is similarly situated to any alleged potential plaintiffs.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT        PAGE 4
12569279v1

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that allegation contained in Paragraph 31 of the Complaint only to the extent Plaintiff was paid as a non-exempt worker. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 31. Defendant further denies that Plaintiff is similarly situated to any alleged potential plaintiffs.

32. The "Prayer for Relief" section of the Complaint contains a statement regarding the nature of Plaintiff's requested relief, which requires neither admission nor denial by Defendant. To the extent, however, said section alleges and/or implies that Defendant is liable to Plaintiff, such allegations and/or implications are denied. Defendant further denies that notice of this action should be sent to potential plaintiffs and/or that Plaintiff is similarly situated to any alleged potential plaintiffs.

33. Defendant denies any and all allegations in the Complaint not expressed admitted above.

## ADDITIONAL DEFENSES

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, Defendant may assert some of its defenses to Plaintiff's claims alternatively and, in some cases, hypothetically. As permitted by the Federal Rules of Civil Procedure, Defendant asserts such defenses regardless of their consistency and based upon both legal and equitable grounds. As the facts pertaining to the parties' respective claims and defenses are fully developed through the discovery process, Defendant may abandon, modify, or amend its defenses as permitted by and consistent with the

Federal Rules of Civil Procedure. Defendant, having fully answered Plaintiff's Complaint, sets forth the following Additional Defenses:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitations, including without limitation 29 U.S.C. § 255.

### THIRD DEFENSE

Plaintiff and/or members of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied, is/are precluded from recovering any amounts from Defendant where Defendant has paid Plaintiff all sums legally due under the FLSA.

### FOURTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### FIFTH DEFENSE

Plaintiff, and/or members of the group that Plaintiff purports to represent, the existence of which is expressly denied, by reason of their conduct and actions, are estopped and/or have waived the right, if any, to assert their Complaint and each purported cause of action therein.

## SIXTH DEFENSE

The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

## EIGHTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## NINTH DEFENSE

Plaintiff is not similarly situated to other potential members of the alleged group she purports to represent, the existence of which is expressly denied, and Plaintiff is therefore an inadequate representative of the alleged group of persons she purports to represent.

## TENTH DEFENSE

Plaintiff lacks standing to raise some or all of the claims of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied.

## ELEVENTH DEFENSE

Because liability and/or damages, if any, to each member of the group that Plaintiff purports to represent, the existence of which is expressly denied, may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a multi-plaintiff action would

violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

## TWELFTH DEFENSE

This action cannot be maintained as a multi-plaintiff action because the requirements for such an action cannot be met under the facts pleaded.

## THIRTEENTH DEFENSE

The Complaint should be dismissed as to any potential plaintiff for whom the Northern District of Texas is an improper venue.

## FOURTEENTH DEFENSE

Defendant is not liable to Plaintiff or anyone alleged to be similarly situated, for overtime to the extent any such individuals are or were exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. §§ 207 and/or 213.

## FIFTEENTH DEFENSE

If Plaintiff and/or anyone alleged to be similarly situated, is able to establish that they worked time that they did not record, such activity was without the knowledge and contrary to the instructions of Defendant.

## SIXTEENTH DEFENSE

This action cannot be maintained as a multi-plaintiff action because the allegations, facts and defenses relating to Plaintiff and/or the potential plaintiffs, separately and individually, will not support a multi-plaintiff action.

## SEVENTEENTH DEFENSE

If the facts, as determined at trial, reveal Plaintiff and/or anyone alleged to be similarly situated, reported to Defendant he, she, or they had been correctly and fully paid for all time

worked or failed to report overtime, he, she, or they should be estopped from recovering on any claim of uncompensated wages.

## EIGHTEENTH DEFENSE

If the facts, as determined at trial, reveal Plaintiff and/or anyone alleged to be similarly situated, engaged in efforts to falsify his, her, or their own time records, or in any other way violated the established policies of Defendant with regard to employment practices, he, she, or they should be estopped from recovering on his, her, or their claim.

## NINETEENTH DEFENSE

The Court lacks jurisdiction over this matter and the claims asserted in the Complaint to the extent there is an arbitration agreement that governs the adjudication of the applicable claims.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer as Plaintiff's claims are investigated in the course of this litigation. Further, Defendant reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant respectfully prays that:

1. The Court enter judgment in favor of Defendant and dismiss Plaintiff's Complaint in its entirety and with prejudice; and

2. The Court deny each and every prayer for relief identified in Plaintiff's Complaint; and

3. The Court award Defendant its reasonable expenses and costs associated with defending this action, including attorneys' fees, along with any such other and further relief as the Court may deem proper.

**[signature on following page]**

Dated: March 28, 2025

Respectfully submitted,

*/s/ Hunter Johnson*
Hunter Johnson
Texas Bar No. 10753900
hjohnson@contangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1201 Elm Street, Suite 2550
Dallas, Texas 75270
Telephone: (214) 646-8625
Facsimile: (972) 865-4791

Maureen R. Knight
Virginia Bar No. 47053
*Pro Hac Vice* Motion to follow
mknight@contangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: (571) 522-6100
Facsimile: (571) 522-6101

Katherine Serrano
Texas Bar No. 24110764
kserrano@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1250 S Capital of Texas Highway
Building 3 Suite 400
Austin, Texas 78746
Telephone: (512) 382-8800

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I certify that on the 28th day of March, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following Counsel of Record for Plaintiff:

Douglas B. Welmaker  
409 N. Fredonia, Suite 118  
Longview, Texas 75601  
(512) 799-2048  
Email: doug@welmakerlaw.com

                                      */s/ Hunter Johnson*  
                                      Hunter Johnson