IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOLANA JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.3:25-cv-00184-E |
| THE ELEVANCE HEALTH COMPANIES INC, | § § § § | |
| Defendant. | § § | |

**STATUS REPORT ORDER**
**(Joint Status Report Due Three (3) Weeks from the Date of this Order)**

In accordance with Federal Rules of Civil Procedure 16(b) and 26(f), the Court enters this Order to promote early settlement of this action and to facilitate entry of the scheduling order. Early meaningful discussions are critical to effective case management and to the just resolution of disputes. With that in mind, the Court directs the parties to carefully review this Order and strongly emphasizes the importance of strictly complying with its directives. Perfunctory meetings and generic or vague status reports are not acceptable and will prompt the Court to order an additional meeting and report. Accordingly, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, lead counsel are directed to meet and confer for the purpose of submitting a **Joint Status Report** as follows:

**I. Meeting Requirements**

The Rule 26(f) conference may be conducted in-person, telephonically, by mail, or in another form of communication that will accomplish the conference requirement. Counsel must confer regarding the matters specified in Rule 26(f) and by this Order.

## II. Joint Status Report Requirements

The Report shall be **FILED** no later than three weeks after issuance of this Order and shall address in separate paragraphs each of the following matters:

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.

3. <u>Briefly</u> describe what this case is about—including a statement of the claims and defenses.

4. Identify a proposed time limit to file motions for leave to join other parties.

5. Identify a proposed time limit to amend the pleadings.

6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);

7. Specify the allegation of federal jurisdiction.

8. Identify the parties who disagree and the reasons.

9. Identify any issues as to service of process, personal jurisdiction, or venue.

10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

13. Describe the proposed discovery plan, including:

    A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

    B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to

      electronic and other discovery.

C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

D. When and to whom the defendant anticipates it may send interrogatories and requests for production.

E. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

H. Any experts needed on issues other than attorneys' fees.

I. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

J. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

K. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).

L. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (expert report).

M. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

N. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

O. Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

    P. The depositions that need to be taken, and in what sequence;

    Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

16. State the date the planned discovery can reasonably be completed.

17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

20. State whether a jury demand has been made and if it was made on time.

21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

24. List other pending motions.

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

27. List whether a conference with the Court is desired;

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c); and

29. A statement that counsel read (i) the *Dondi* opinion—*Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and (ii) the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).

**Once a scheduling order is issued, an extension for the trial date will not be granted absent extraordinary circumstances, and the parties may not agree to extend ANY date in the scheduling order without approval of the Court.**

Any difference between counsel as to the status of any of the above matters must be set forth in the Report. Failure to timely submit the Report may result in the imposition of sanctions, including dismissal without further notice. *See* FED. R. CIV. P. 16(f).

**FOR CONVENIENCE, THE COURT PROVIDES THE FOLLOWING CRITICAL DEADLINES CHART FOR THE PARTIES TO REVISE, MAKE ADDITIONS, AND COMPLETE, AS AGREED:**

| | |
|---|---|
| Deadline for Joint Report naming mediator | |
| Deadline for Completion of Mediation | |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | |
| Plaintiff's Expert Designation & Report | |
| Defendant's Expert Designation & Report | |
| Rebuttal Expert Designation | |
| Deadline for Completion of Discovery | |
| Deadline for Expert Objections | |
| Deadline for Dispositive Motions | |
| Deadline for Pretrial Disclosures and Objections | |
| Deadline for Pretrial Materials (pretrial order etc.) | |
| Settlement Conference | *Ten days prior to the pretrial conference* |
| Exchange of Exhibits | *Two business days prior to the pretrial conference* |
| Pretrial Conference | *Monday before trial—at 10:00 a.m.* |
| Trial Date | |

### III. Joint Responsibility for Report

Pursuant to Rule 26(f), the lead attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for (1) arranging and being present at the meeting (or for otherwise conferring if exempt from the requirement of a face-to-face meeting); (2) attempting in good faith to agree on a scheduling proposal; and (3) submitting the Report to the Court no later than the due date set forth above. The Report must be signed by the lead attorney for each side or by any unrepresented parties. If any attorney or unrepresented party responsible for participating in the meeting and signing the Report fails to do so, the other attorney(s) or unrepresented party or parties must submit the Report and identify the noncompliant attorney(s) or unrepresented party or parties. The Court will determine what disciplinary action or sanctions should be imposed because of the noncompliance.

### IV. Mandatory Initial Disclosure Requirement

The disclosures required by Rule 26(a)(1) must be made within thirty (30) days of the date of this Order, EXCEPT as to those cases exempted under Rule 26(a)(1)(B). *See* FED. R. CIV. P. 26(a)(1). The parties may not, absent Court permission, agree or stipulate to opt out of the initial disclosure requirement. *See* FED. R. CIV. P. 26(a)(1) advisory committee's note to 2000 amendments.

### V. Electronic Case Management and Notice

All licensed attorneys are required to comply with Local Rules 5.1(e)-(f) and 83.13. *Pro se* litigants (non-prisoner) must register for electronic transmission (e-mail) notice of orders and judgments within thirty (30) days of the date this Order is signed. Information about electronic noticing can be obtained from the Court's website at: http://www.txnd.uscourts.gov/ecf-registration.

All questions regarding this Order or any scheduling matters should be directed to the Court at: Cynthia_Thornton@txnd.uscourts.gov.

**SO ORDERED: March 31, 2025.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE