IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Nolana Johnson, On Behalf of Herself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-184 |
| The Elevance Health Companies, Inc, | § § § | |
| Defendant. | § § | |

**JOINT STATUS AND RULE 26(f) REPORT**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The attorneys for Plaintiff and Defendant conferred by video call on April 17, 2025. Counsel for Plaintiff was Douglas Welmaker and Josef Buenker. Counsel for Defendant was Maureen Knight and Katherine Serrano.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about – including a statement of the claims and defenses.

   Plaintiff: Plaintiff asserts that She and her coworkers were not paid proper overtime pay. Plaintiff seeks recovery of unpaid overtime pay, liquidated damages, attorneys' fees and costs. Plaintiff also seeks to send notice to similarly situated workers to give them an opportunity to join this action.

   Defendant: Defendant asserts that Plaintiff was paid properly for all hours worked and was properly paid overtime any week in which she worked more than 40 hours. With regard to Plaintiff's anticipated motion for notice, Defendant asserts that there are no individuals actually similarly situated to Plaintiff, as that term is defined by law, given the numerous factual distinctions among the group of individuals to whom Plaintiff purports to send notice and the highly individualized inquiry associated with Plaintiff's claims.

4. Identify a proposed time limit to file motions for leave to join other parties.

   Joinder of Parties:     May 19, 2025

   Motion for Notice of Collective Action:     September 23, 2025

5. Identify a proposed time limit to amend the pleadings.

   May 19, 2025.

6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);

   The Parties propose that the Court enter a briefing schedule (being filed contemporaneously with this report) for Plaintiff's anticipated motion for notice to similarly situated workers under the FLSA, before which the Parties will engage in merits-based discovery as to Plaintiff and preliminary discovery as to the issue of whether putative collective members are similarly situated to Plaintiff. If the Court grants such motion, the Parties propose that the Court then set a deadline for merits-based discovery for any similarly situated opt-in plaintiffs, as well as a dispositive motion briefing schedule and trial date. If the Court denies such motion, the Parties propose that the Court then set a dispositive motion briefing schedule and trial date.

   The parties propose a deadline for such a motion of September 23, 2025.

7. Specify the allegation of federal jurisdiction.

   This Court has federal question jurisdiction since the claims arise wholly under federal law, namely, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

8. Name the parties who disagree and the reasons.

   None.

9. Identify any issues as to service of process, personal jurisdiction, or venue.

   None.

10. List anticipated additional parties that should be included, and when they can be added, and identify any class or collective-action certification issues.

    Plaintiff's position is that individuals who were similarly situated in their work with Defendant should be given an opportunity to participate in this lawsuit as a plaintiff. Defendant's position is that no individuals are similarly situated and that Plaintiff's claims necessitate a highly individualized inquiry. Plaintiff plans to file a motion for

12772000v1

    notice under the FLSA. Plaintiff plans to file a motion for collective notice by September 23, 2025.

11.    State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Plaintiff has made her initial disclosures.
    Defendant will make its initial disclosures on or before May 5, 2025.

12.    If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    The parties agree to submit attorney fee issues to the Court, if applicable, after the other issues are resolved.

13.    Describe the proposed agreed discovery plan, including:
    A.    A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

        The Parties propose to conduct discovery potentially in phases.

        Phase 1 Discovery related to the merits of Plaintiff's individual claim and Plaintiff's intended motion for FLSA notice – September 2, 2025.

        If the Court grant's Plaintiff's intended motion for FLSA notice, Phase 2 Discovery would relate to the merits of similarly situated opt-in Plaintiffs.

    B.    Responses to all the matters raised in Rule 26(f).

(1)    The parties do not believe that any changes in the timing, form or requirement for disclosure under Rule 26(a) should be made.

(2)    The discovery plan as agreed to between the parties relative to Plaintiff's claims and Defendant's defenses is stated herein.

(3)    The parties are not aware of any issues relating to disclosure or discovery of electronically stored information that need to be addressed by the Court at this time. The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon request, to produce electronically stored information in a widely acceptable readable format, if available. Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format.

12772000v1

(4) The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time. The parties agreed to preserve and return privileged information that may be inadvertently disclosed during discovery.

(5) The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed.

(6) The parties do not believe that any orders should be entered by the Court under Rule 16(b) and (c), except for the entry of the Court's scheduling and docket control order.

(7) The parties agree that electronic service shall constitute proper service in this case provided the receiving party acknowledges receipt of the electronic service by replying with "Received" (which the parties agree to promptly submit and not unreasonably withhold) or sending a read receipt or something similar.

C. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to defendant before the end of the discovery period.

D. When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates sending interrogatories to Plaintiff before the end of the discovery period.

E. Of whom and by when plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Plaintiff anticipates taking the oral deposition of the corporate representative(s) of the defendant before the end of the discovery period. Plaintiff also anticipates taking the oral deposition(s) of one or more employees of the defendant, and perhaps third-party witnesses who worked with or around the plaintiff. The identities of such individuals have not yet been determined. These depositions could in all likelihood be taken, at least in part, via remote means.

F. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

Defendant anticipates taking the oral deposition of the plaintiff before the end of the discovery period, as well as potentially depositions of fact witness(es) named by the plaintiff. Defendant will consider whether the depositions of any fact witnesses could be taken via remote means.

G. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues

12772000v1

    may need to occur early, and how long this targeted discovery will take.

    The issue of FLSA notice to similarly situated individuals should be addressed first, although the Parties agree that merits-based discovery as to Plaintiff's claims can be done concurrently. The Parties propose September 2, 2025 as the deadline for all such discovery.

H.    Any experts needed on issues other than attorneys' fees.

    None anticipated at this time.

I.    If medical experts are needed, whether they are only treating physicians or also designated on other issues.

    No medical experts will be needed.

J.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

    The parties do not anticipate that testifying experts will be necessary in this matter.

K.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).

    None known at this time.

L.    List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Fed. R. Civ. P. 26(a)(2)(B) (expert report).

    None known at this time.

M.    In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

    Not applicable.

N.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

12772000v1

        None known at this time.

O.    Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

As stated above, the parties are not aware of any issues relating to disclosure or discovery of electronically stored information. The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon request, to produce electronically stored information in a widely acceptable readable format, if available. Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format and will work cooperatively in addressing such instances.

P.    The depositions that need to be taken, and in what sequence;

Plaintiff
Defendant corporate representative regarding issue of "similarly situated"
Defendant corporate representative regarding pay practices

Q.    Any proposals regarding the handling and protection of privileged or trial preparation material that should be reflected in a court order;

The Parties will file a proposed Stipulated Protective Order to the Court that governs documents and information produced during discovery that is confidential and/or proprietary, and such Stipulated Protective Order will address trial procedures.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

16. State the date the planned discovery can reasonably be completed.

Phase 1 Discovery related to the merits of Plaintiff's claims and Plaintiff's intended motion for FLSA notice – September 2, 2025.

17. Describe the possibilities for a prompt settlement or resolution of the case that were

12772000v1

discussed in your Rule 26(f) meeting.

The parties will continue to engage in discussions regarding the potential for early resolution after information is shared through the discovery phase. As part of these discussions, the parties will consider the potential for mediation, including whether to participate in the same before or after the Court decides plaintiff's notice motion.

18. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

    Mediation would be most suitable. Plaintiff believes mediation will be most effective after the Court decides plaintiff's notice motion and any opt-in period closes.

    The parties will confer about the appropriate mediator once they have agreed to the optimum timing of mediation.

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

    At this time, the parties have not agreed to proceed to trial before a magistrate judge.

20. State whether a jury demand has been made and if it was made on time.

    No jury has been requested.

21. State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.

    If the case proceeds as a collective, the length of trial will depend on the number of opt-ins. Otherwise, 3-4 days or 15-20 hours of testimony.

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

    None.

23. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

24. List other motions pending.

    None.

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel.

    Douglas B. Welmaker                               Attorney for Plaintiff
    T.B.A. No. 00788641
    **WELMAKER LAW, PLLC**
    409 N. Fredonia, Suite 118
    Longview, Texas 75601
    512-799-2048 Telephone
    doug@welmakerlaw.com

    Josef F. Buenker                                  Attorney for Plaintiff
    Texas State Bar No. 03316860
    Federal ID No. 11498
    P.O. Box 10099
    Houston, Texas 77206
    713-868-3388
    713-683-9940 (fax)
    jbuenker@buenkerlaw.com


    Hunter Johnson                                    Attorney for Defendant
    Texas Bar No. 10753900
    hjohnson@contangy.com
    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
    1201 Elm Street, Suite 2550
    Dallas, Texas 75270
    Telephone: (214) 646-8625
    Facsimile: (972) 865-4791

    Maureen R. Knight                                 Attorney for Defendant
    Virginia Bar No. 47053
    *Pro Hac Vice* Motion to follow
    mknight@contangy.com
    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
    12500 Fair Lakes Circle, Suite 300
    Fairfax, Virginia 22033
    Telephone: (571) 522-6100
    Facsimile: (571) 522-6101

12772000v1

Katherine Serrano                                                          Attorney for Defendant
Texas Bar No. 24110764
kserrano@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
1250 S Capital of Texas Highway
Building 3 Suite 400
Austin, Texas 78746
Telephone: (512) 382-8800

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.

    The Parties propose that the Court enter a briefing schedule (being filed contemporaneously with this report) for Plaintiff's anticipated motion for notice to similarly situated workers under the FLSA, before which the Parties will engage in merits-based discovery as to Plaintiff and preliminary discovery as to the issue of whether putative collective members are similarly situated to Plaintiff. If the Court grants such motion, the Parties propose that the Court then set a deadline for merits-based discovery for any similarly situated opt-in plaintiffs, as well as a dispositive motion briefing schedule and trial date. If the Court denies such motion, the Parties propose that the Court then set a dispositive motion briefing schedule and trial date.

27. List whether a conference with the Court is desired.

    The Parties do not believe that a conference is necessary unless the Court wishes to discuss the parties' proposed phased discovery and schedule.

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).

    None

29. A statement that counsel read (i) the Dondi opinion—Dondi Properties Corp. v. Com. Sav. & Loan Ass'n, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and (ii) the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).

    All counsel of record represent that they have read the Dondi opinion and the District's Civil Justice Expense and Delay Reduction Plan.

12772000v1

| | |
|---|---|
| */s/ Josef F. Buenker*<br>Josef F. Buenker<br>Counsel for Plaintiff | <u>April 21, 2025</u><br>Date |
| */s/ Hunter Johnson*<br>Hunter Johnson<br>Counsel for Defendant | <u>April 21, 2025</u><br>Date |

12772000v1