**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NOLANA JOHNSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-00184-M** |
| **THE ELEVANCE HEALTH COMPANIES, INC.** | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF NOLANA JOHNSON'S CLAIMS AND BRIEF IN SUPPORT**

Defendant The Elevance Health Companies, Inc. ("Defendant") hereby files this Motion to Dismiss Plaintiff Nolana Johnson's Claims and Brief in Support, and respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiff Johnson has abandoned her case. Since her counsel withdrew on July 13, 2026, she ignored this Court's Order directing her to advise whether she intends to proceed, failed to respond to the Court-ordered Joint Status Report, and has continued to refuse to participate in discovery. The Court has already warned Plaintiff Johnson that failure to notify the Court of her intentions "may result in her dismissal from the case without prejudice." Dkt. No. 1. She nonetheless has not responded. Plaintiff Johnson's unexplained inaction has stalled the case and prejudiced Defendant. Defendant therefore asks the Court to dismiss Plaintiff Johnson's claims under Federal Rule of Civil Procedure 41(b).

## II. BACKGROUND

Plaintiff Johnson brought this action against Defendant on behalf of herself and others allegedly similarly situated under the Fair Labor Standards Act ("FLSA"). Dkt. No. 1. On August 15, 2025, the Court entered an Order Extending Deadlines that set FLSA notice-related deadlines, including a November 21, 2025, deadline for moving for court-authorized notice under the FLSA. Dkt. No. 18. Plaintiff Johnson never moved for such notice.

Counsel for Plaintiff Johnson moved to withdraw from representing her on July 13, 2026 [Dkt. No. 20], which the Court granted [Dkt. No. 21]. Counsel Douglas B. Welmaker, Josef F. Buenker, and Barry S. Hersch continue to represent Opt-In Plaintiff Estella Devine. Plaintiff Johnson has proceeded *pro se* since that time.

On September 25, 2026, the Court entered an Order directing all parties to submit a joint report on the status of the case no later than October 16, 2026. Dkt. No. 24. The same Order directed Plaintiff Johnson to file a notice by October 16, 2026 stating whether she intended to continue *pro se* or to obtain new counsel and expressly warned that her "FAILURE TO FILE SUCH NOTICE MAY RESULT IN HER DISMISSAL FROM THE CASE WITHOUT PREJUDICE." *Id.* (emphasis in original).

Plaintiff Johnson did not comply. In addition to the fact that she ignored the Court's express directive to notify it whether she intended to continue proceeding *pro se* or intended to obtain new counsel, when Defendant's counsel sought to confer with Plaintiff Johnson directly about the joint report, Ms. Johnson did not respond. The report was filed on October 16, 2026 without her participation. Dkt. No. 26.

Plaintiff Johnson has likewise refused to participate in discovery. Defendant's counsel has made several attempts to confer with her regarding deficiencies in her discovery responses, the

return of company property, and scheduling her deposition. An initial letter was sent to Plaintiff Johnson via email and mail on August 3, 2026 (*see* Exhibit A), and a follow-up letter was sent via email and mail on October 7, 2026 (*see* Exhibit B). She has ignored all communications.

Due to Plaintiff Johnson's failure to prosecute her case and her failure to comply with the Court's order, dismissal is proper under Federal Rule of Civil Procedure 41(b).

## III. ARGUMENT AND AUTHORITIES

### A. Dismissal of Plaintiff Johnson's Claims Is Proper Under Rule 41(b)

Rule 41(b) authorizes dismissal "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." *Link v. Wabash R. Co.,* 370 U.S. 626, 630, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). Rule 41(b) provides a defendant with the ability to move for such dismissal, and the Court also "possesses the inherent authority to dismiss the action sua sponte." *Boudy v. McComb Sch. Dist*., 168 F.4th 257, 263 (5th Cir. 2026), cert. denied, No. 26-5192, 2026 WL 2976127 (U.S. Oct. 5, 2026) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

A Rule 41(b) dismissal may be entered with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). Dismissal with prejudice is warranted where there is a "clear record of delay or contumacious conduct by the plaintiff," and "when lesser sanctions would not serve the best interests of justice." *Boudy*, 168 F.4th at 264 (citing *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008)). Courts specifically examine "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by

intentional conduct" as aggravating factors. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff Johnson's continued failure to prosecute this action and comply with the Court's Order warrants dismissal. The Court directed her to file a notice stating whether she intended to proceed *pro se* or obtain new counsel and required the parties to submit a Joint Status Report by October 16, 2026. It expressly warned Plaintiff Johnson that failure to file the notice could result in her dismissal without prejudice. Dkt. No. 24. Plaintiff Johnson nevertheless ignored the Court's requirements and has offered no explanation for her noncompliance.

While the Court warned Plaintiff Johnson of the potential for a dismissal without prejudice should she ignore its instructions (which she has in fact done), Defendant argues that dismissal with prejudice is appropriate given Plaintiff Johnson's added discovery misconduct. Specifically, Plaintiff Johnson has not responded to Defendant's repeated efforts to resolve deficiencies and schedule her deposition. Plaintiff's lack of respect for the Court's Order and the Rules of litigation has stalled the litigation and left the Court and Defendant without any indication that she even intends to pursue her claims.

The relevant aggravating factors further support dismissal. Plaintiff Johnson has proceeded *pro se* since her counsel withdrew nearly four months ago, making her personally responsible for her failures to comply with the Court's directive and participate in discovery. *See Berry*, 975 F.2d at 1191. Her non-participation prejudices Defendant by preventing it from obtaining her deposition testimony and resolving outstanding discovery deficiencies necessary to prepare its defense. Her repeated failure to respond, coupled with her disregard of an express court-imposed deadline and dismissal warning, also supports an inference that her continued lack of participation reflects a deliberate choice rather than an isolated oversight.

The Court has already employed a lesser measure by expressly warning Plaintiff Johnson that non-compliance could result in dismissal. That warning did not secure the required notice or prompt her participation. Her continued silence therefore supports a finding that further lesser measures would not restore diligent prosecution. *See Boudy*, 168 F.4th at 265–67. Plaintiff Johnson should not be permitted to leave this action indefinitely stalled by disregarding both the Court's Order and her discovery obligations. Accordingly, dismissal with prejudice is warranted.

**B. Plaintiff Johnson's *Pro Se* Status Does Not Excuse Her Noncompliance.**

Plaintiff Johnson's *pro se* status does not shield her from dismissal. The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Mitchell v. Walsh Gallegos Kyle Robinson & Roalson, P.C.*, No. 3:24-CV-2243-G-BK, 2026 WL 2919942, at *2 (N.D. Tex. Sept. 11, 2026), report and recommendation adopted, No. 3:24-CV-2243-G-BK, 2026 WL 2914624 (N.D. Tex. Sept. 28, 2026) (citing *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam)). Indeed, a plaintiff's *pro se* status supports a finding that she is personally responsible for her failure to comply with the Court's order and Defendant's discovery demands. *Boudy*, 168 F.4th at 264. Plaintiff Johnson remains obligated to prosecute her case and to obey the Court's Order, and her failure to do so warrants dismissal.

## IV. CONCLUSION

For these reasons, Defendant The Elevance Health Companies, Inc. respectfully requests that the Court dismiss Plaintiff Nolana Johnson's claims with prejudice and grant Defendant such other and further relief to which it is justly entitled.

**[signatures on following page]**

Dated: November 18, 2026

Respectfully submitted,

*/s/ Hunter Johnson*
Hunter Johnson
Texas Bar No. 10753900
hjohnson@contangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (214) 646-3421

Maureen R. Knight
Virginia Bar No. 47053
*Admitted pro hac vice*
mknight@contangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
12700 Fair Lakes Circle, Suite 210
Fairfax, Virginia 22033
Telephone: (571) 522-6106

Katherine Serrano
Texas Bar No. 24110764
kserrano@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
7500 Rialto Blvd., Ste. 1-250
Austin, Texas 78735
Telephone: (512) 382-8800

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on the 18th day of November, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following Counsel of Record for Plaintiff:

Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

Josef F. Buenker
The Buenker Law Firm
P.O. Box 10099
Houston, Texas 77206
(713) 868-3388
jbuenker@buenkerlaw.com

Barry Hersh
Hersh Law Firm PC
12377 Merit Drive, Suite 880
Dallas, Texas 75251

***Counsel for Opt-In Estella Devine***

Nolana Johnson
2300 Hillary Trail
Mansfield, Texas 76063
(301) 643-0877

***Pro Se Plaintiff***

*/s/ Hunter Johnson*
Hunter Johnson